### THE HALE MANUFACTURING COMPANY v. THE AMERICAN SAW COMPANY.

*Waiver—Questions of fact.*

An action for the price of goods sold involved the construction of an expression in the order given for them, unless the goods were accepted and the question of construction thereby waived. *Held* that the question of waiver was for the jury.

Error to St. Clair. Submitted April 7. Decided April 14.

ASSUMPSIT. Defendant brings error.

*O'Brien J. Atkinson* and *Elliott G. Stevenson* for plaintiff in error.

*Whipple & Voorheis* for defendant in error.

GRAVES, J.  The defendant in error, being a company carrying on business in New Jersey, sued the plaintiff in error, a company doing business in this State, to recover the alleged contract price of twenty circular saws which the latter ordered of the former, and the court directed a finding for the amount sued for.  Complaint is made of this ruling.  The record contains exceptions also to the admission of a deposition, but the case is not so framed as to support them.  The allegations of error are numerous, but they will not be separately noticed.  Many of them are unimportant.

The bargain for the saws was by correspondence. They were sent by the seller and tried by the buyer, and payment is refused on the ground that they were not such saws as were ordered, and were not accepted.

The general question is whether these were not matters to be decided by the jury.  The negotiation was opened by a letter from the plaintiffs in error dated June 3, 1875, and the defendant in error forwarded an answer under date of June 5th.  In this communication the secretary of the company wrote : "We have no doubt that for your work the saws should be of same thickness at eye and edge," and in giving its order on the 28th of June the Hale Company made it for "20 36-inch saws, 8 gauge straight." The saws sent and experimented with were found to be thicker at the eye than the rim to the extent of one gauge or more.  This fact has never been questioned. The plaintiff in error insisted that this was directly contrary to the order, which specified "8 gauge straight," whereas the defendant in error claimed that the expression "8 gauge straight" did not mean that the saws should be all the way of the same thickness, but that the metal should be equally distributed on each side of a line through the center, and that the plaintiff in error left it to the saw company whether the saws should be tapering or not.  It was consequently made a material question at the trial whether or not the expression "8 gauge straight," in the order given by the plaintiff in

error, was to be understood as meaning that the saws were to have the same thickness at the eye and rim, and considerable parol testimony was given upon it. This testimony was not harmonious. The circuit judge, however, expressed the opinion that the point was for the court, and that the construction of plaintiff in error was correct.

It is not necessary to decide whether the judge was right in holding this question to be exclusively for the court, because the plaintiff in error was not prejudiced. It was contended for defendant in error that the plaintiff in error waived all objection based on the irregularity of thickness of the saws, and in fact accepted them. This position was controverted, and the question was material. The court, in directing the jury how to find, expressed the opinion that the view of the defendant in error was right. Upon consideration of the circumstances it appears clear to the court that the case, in this aspect of it, was for the jury, and that the court erred in declining to take their sense of the weight and significance of the evidence.

It is not needful to go further and discuss the case at large. The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.